SCAD-12-0000667

IN THE SUPREME COURT OF THE STATE OF HAWAIʻI

OFFICE OF DISCIPLINARY COUNSEL, Petitioner,

vs.

GREGORY T. HIGHNOTE, Respondent.

ORIGINAL PROCEEDING
(ODC 09-029-8752)

ORDER
(By: Recktenwald, C.J., Nakayama, Acoba, McKenna, and Pollack, JJ.)

Upon consideration of the record in *Office of Disciplinary Counsel v. Highnote*, SCAD-12-0000667, the supreme court makes the following findings and conclusions by clear and convincing evidence. Following a hearing wherein Respondent Gregory Highnote expressed remorse and made representations that, in good faith, he intended to make appropriate reimbursements and would bear the costs of the proceedings, on September 24, 2012, this court (1) suspended Respondent Highnote for sixty days, effective October 24, 2012, for violating Rule 1.16(d) of the Hawaiʻi Rules of Professional Conduct for failing to take reasonable steps to protect the interests of a client upon

withdrawal, including failing for three years to return original documents to the client, forcing her to incur $246.25 in costs as a result of his inaction, and (2) ordered him to pay $246.25 in restitution to the former client, and to submit proof of that payment to the court by October 24, 2012. Respondent Highnote was also required by the terms of the order to bear the costs of the proceedings and to submit an affidavit, by November 5, 2012, that he had complied with the suspension, pursuant to Rule 2.16(d) of the Rules of the Supreme Court of the State of Hawaiʻi (RSCH). The suspension order was properly served upon Respondent Highnote in California, as was an October 31, 2012 order and judgment, awarding the Office of Disciplinary Counsel (ODC) $1,173.90 in costs from Respondent Highnote. Respondent Highnote failed to meet any of the deadlines imposed by these lawful orders of this court. Subsequently, on December 26, 2012, this court entered an order to show cause upon Respondent Highnote as to why he should not be sanctioned for his failure to submit the required affidavit of compliance and proof of restitution. The order to show cause was properly served upon Respondent Highnote in accordance with RSCH Rule 2.11(a), by both certified and regular mail to the California address Respondent Highnote had previously provided to ODC. Respondent Highnote did not respond to the order to show cause. On January 29, 2013, the supreme court imposed sanctions of $50.00 upon him, and copies of the order were transmitted to his California address. As of the date

2

of entry of this order, Highnote has not responded to or otherwise complied with the requirements of the September 24, 2012 order of suspension, the October 31, 2012 order awarding costs, or the January 29, 2013 order to pay sanctions. Therefore,

IT IS HEREBY ORDERED that the Office of Disciplinary Counsel shall transmit, by certified mail, a copy of this order to the State Bar of California for referral to the appropriate disciplinary authorities in that state for possible disciplinary action against Respondent Highnote.

IT IS FURTHER ORDERED that the Office of Disciplinary Counsel shall transmit, by certified or registered mail, a copy of this order to Respondent Highnote at the last known address for him it deems most appropriate and effective for service, pursuant to Rule 2.11(b) of the Rules of the Supreme Court of the State of Hawaiʻi.

DATED:  Honolulu, Hawaiʻi, July 9, 2013.

/s/ Mark E. Recktenwald

/s/ Paula A. Nakayama

/s/ Simeon R. Acoba, Jr.

/s/ Sabrina S. McKenna

/s/ Richard W. Pollack



3